THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: June 20, 2018



Susan V. Kelley
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| In re | Chapter 13 |
|---|---|
| Laquanda P. Lee | Case No. 17-30341-svk |
| Tamara Y. Cantrell | Case No. 17-26251-svk |
| Charles H. Wasinack | Case No. 18-20106-svk |
| Marshall E. Wells, | Case No. 18-21440-svk |
| Debtors. | |

COURT MINUTES AND ORDER RESULTING FROM ORDER TO SHOW CAUSE

| | |
|---|---|
| Date: | June 19, 2018 |
| Start Time: | 10:03:35 a.m. |
| End Time: | 12:08:52 p.m. |
| Nature of Hearing: | Hearing on Order for Debtor's attorney to show cause as to why sanctions should not be imposed |
| Appearances: | Richard A. Check |
| | Michelle S. Y. Cramer for the U.S. Trustee |
| | Robert W. Stack for the Chapter 13 Trustee |
| Witnesses: | Richard A. Check |
| | Justine Swenson |
| | Robert W. Stack |

Samuel Check was also present in Court for a portion of the hearing.

The Court held a hearing on June 19, 2018 on the Court's order for Richard A. Check, the attorney for the Debtors in the above cases, to show cause as to why sanctions should not be imposed based on non-attorney signatures on the certification pages of amended plans filed in the cases, and for other continuing and severe clerical and attorney errors. Mr. Check appeared and testified along with his office manager and paralegal Justine Swenson. Samuel Check, a recently admitted attorney and previously a paralegal with Mr. Check's office, appeared but did not testify. The Chapter 13 Trustee's staff attorney, Robert Stack, appeared and testified. Michelle Cramer appeared for the U.S. Trustee.

The Court set the hearing when the Court determined that paralegals in Mr. Check's office were signing substantive documents along with Mr. Check, and for other errors that Mr. Check characterized as "clerical errors." The Court took issue with the delineation of the errors as clerical. These errors included filing a Form 2831 certification in a case that did not have a confirmed plan and withdrawing a plan and filing only a certification page. The Court questioned the propriety of some of the language used in Mr. Check's motions and affidavits, and Mr. Check testified that he reviews all of the pleadings filed by his office under his name. Ms. Swenson testified that she signed amended plans to show the Trustee's staff which paralegal worked on the plan, so that the Trustee could direct any questions to the appropriate paralegal. Ms. Swenson admitted that she had not read the Wisconsin Supreme Court ethics rules prior to the issuance of the show cause order. Mr. Check and Ms. Swenson testified that all the paralegals in Mr. Check's office are trained by Mr. Check, and that none of them have received any independent paralegal training. It is apparent to the Court from the errors in the cases, including using incomplete and incorrect forms, that the paralegals have received insufficient training for the tasks they are performing. The errors in the cases burden the Court, the Trustee's office and the creditors. It is also clear that the paralegals do not understand their limitations as non-attorneys in signing and giving legal advice concerning substantive bankruptcy documents.

Ms. Cramer suggested that the paralegals should receive some formal training, and Mr. Check agreed that he would find appropriate courses and advise the Court by letter of the name of the courses and the dates the paralegals will attend. The Court instructed that the paralegals should not sign substantive legal documents or give legal advice concerning substantive legal documents, including, without limitation, the Court's Form 2831. The Court stated that paralegals may appropriately sign Certificates of Service and cover letters, and the paralegals may electronically file documents that an attorney has signed.

Ms. Cramer also suggested that Mr. Check should be required to file copies of "wet signature" documents for some period of time, and the Court imposed this requirement for a period of six months from the date of entry of this order. When an attorney's signature is required by Bankruptcy Rule 9011, the rules of this Court, or any other applicable rule, the attorney must physically add a wet ink signature to the document. The document may then be scanned and electronically filed. The document containing the wet signature should be maintained in the client's file for review by the Court or the U.S. Trustee.

Additionally, Ms. Cramer proposed that the Court might lower the presumptively reasonable fee in Mr. Check's cases or order that it not apply. The Court advised Mr. Check that his fees will be scrutinized. The Court warned that if the number of errors in cases filed by Mr. Check does not improve, the next step will be for the Court to order him to show cause as to why the Bankruptcy Law Office of Richard A. Check should not be suspended from practicing before the Court.

IT IS THEREFORE ORDERED: subject to the conditions stated above, the order to show cause is dissolved.

#####